J-S14015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LOUIS RUSHAD CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1361 WDA 2022 |

Appeal from the PCRA Order Entered October 21, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000872-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LOUIS RUSHAD CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1374 WDA 2022 |

Appeal from the PCRA Order Entered October 21, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000938-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LOUIS RUSHAD CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1375 WDA 2022 |

Appeal from the PCRA Order Entered October 21, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000955-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

.
       v.                              :
.
.
LOUIS RUSHAD CAMPBELL         :
.
       Appellant           :      No. 1376 WDA 2022

Appeal from the PCRA Order Entered October 11, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000939-2017

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:        **FILED: November 14, 2023**

Louis Rushad Campbell appeals from the order entered in the Blair County Court of Common Pleas on October 22, 2022, dismissing Campbell's petitions[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. After remand, and pursuant to our directive, PCRA counsel has filed a new petition to withdraw as counsel, in which he maintains there are no non-frivolous issues to raise on appeal.[2] For the reasons

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Campbell filed separate notices of appeal under the four lower court dockets involved. We consolidated the appeals *sua sponte* as they raised identical challenges to the PCRA court's order.

[2] When counsel seeks to withdraw from representation on collateral appeal, as here, **Turner** and **Finley** apply. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citing **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)).

- 2 -

discussed below, we find the PCRA court properly denied Campbell relief and affirm. We further grant counsel permission to withdraw.

After a confidential informant purchased heroin from Campbell, he was arrested and charged with four counts of possession with intent to distribute covering sales and associated crimes from the previous three days. Just prior to the start of his jury trial, Campbell entered an open *nolo contendere* plea to all counts of the criminal information at the above dockets. While there is a somewhat convoluted pretrial history of Campbell switching counsel several times and for a brief period representing himself *pro se*, he was represented by counsel at the time of his plea. Sentencing was deferred for preparation of a presentence investigation report.

Despite being represented by counsel, Campbell subsequently filed a *pro se* motion to withdraw his guilty plea. The trial court dismissed the motion without prejudice to allow Campbell to file a counseled motion. Counsel then filed a new motion to withdraw the guilty plea. The trial court denied the motion and sentenced Campbell to an aggregate term of twelve years and three months to twenty-four and one-half years' incarceration.

Campbell thereafter filed *pro se* PCRA petitions under each separate docket from December 2020 to January 2021. Counsel was appointed and filed an amended PCRA petition, followed by a second amended petition. After two evidentiary hearings, the PCRA court denied the PCRA petition on October

24, 2022. That same day, counsel filed a motion to withdraw as counsel with the PCRA court. A hearing on the motion was scheduled.

Counsel subsequently filed a notice of appeal on Campbell's behalf in order to protect Campbell's appellate rights. The PCRA court then filed an order stating it would take no further action on counsel's motion to withdraw, or a *pro se* motion seeking counsel's withdrawal, due to the notice of appeal transferring jurisdiction to the Superior Court.

Counsel then filed a motion to withdraw with this Court, along with a brief stating there are no non-frivolous issues to raise on appeal. However, we found counsel failed to substantially comply with the requirements of *Turner/Finley*. Accordingly, we directed counsel to either file an advocate's brief or a petition to withdraw that met the requirements of *Turner/Finley*.

Counsel has since filed a new application to withdraw as counsel. Before any substantive analysis, we must again examine whether PCRA counsel has met the procedural requirements for withdrawing as counsel.

> Counsel petitioning to withdraw from PCRA representation must proceed … under [*Turner*], and [*Finley*] … *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

        If counsel fails to satisfy the foregoing technical prerequisites of ***Turner/Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner/Finley*** request or an advocate's brief.

        However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (some citations omitted)

We find counsel has filed a proper application to withdraw as counsel and substantially complied with the requirements of ***Turner***, ***Finley***, and ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006).[3] Cambell has filed a response. We therefore turn to our own independent review of the record to determine if we agree with counsel's conclusion that Campbell's PCRA petition was meritless.

_____

[3] Of note, while we find counsel has "substantially complied" with the ***Turner/Finley*** requirements, we find counsel has only done the bare minimum in terms of briefing requirements in order for us to proceed with our review. The discussion portion of the brief is only one short paragraph, consisting of only three sentences. Counsel does not personally include any citations or mention any potential issues. Rather, counsel instead wholly adopts the PCRA court's consideration of the matter in its opinion accompanying the order dismissing the PCRA petition. As this is counsel's second attempt at withdrawal, we caution counsel to be more careful in the future in personally analyzing potential issues on the merits.

The crux of Campbell's issues, as distilled from his amended petitions, as well as from the arguments raised at both PCRA hearings, is that his *nolo contendere* plea was not entered knowingly, intelligently and voluntarily. Specifically, Campbell contends he did not understand that he would lose the right to continue to challenge the evidence against him through the filing of certain pre-trial motions, including a petition for writ of *habeas corpus*. Campbell also raises this same claim in the context of ineffective assistance of plea counsel, alleging counsel failed to explain the consequences of entering the plea. Finally, Campbell alleges he lacked the mental capacity to enter his plea due to suffering from COVID-19 and the effects of strong medication given to him for his illness.

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). As a result, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation omitted).

In a written plea colloquy, Campbell affirmed he was not being treated for a mental illness and had not consumed any drugs, narcotics, or other

medication within the last forty-eight hours. **See** Written Plea Colloquy, 12/17/2019, at 2-3. Campbell also specifically represented that he understood that by pleading *nolo contendere*, he was giving up the right to present any pre-trial motions, as well as the right to pursue any pre-trial motions that had already been filed. **See id**. at 7. Finally, Campbell affirmed he was satisfied with his lawyer's representation and that he had sufficient time to discuss the case with his lawyer and consider the advantages and disadvantages of entering a *nolo contendere* plea instead of going to trial. **See id**. at 9. Later, during his oral plea colloquy, Campbell represented that he completed the written colloquy and signed each page. **See** N.T., 12/17/2019, at 4-5. Campbell affirmed that all of the answers in the written colloquy were his own.

The trial court found that under the totality of the circumstance, including consideration of both the oral and written colloquies, Campbell's plea was entered knowingly, intelligently, and voluntarily. **See** Trial Court Opinion, 10/21/2022, at 4-9. We agree.

Between both of his colloquies, Campbell affirmed that he understood his rights, and the rights he was giving up. He was further given sufficient opportunity to ask questions of his counsel and the court prior to entering his plea.

As far as Campbell's second claim, Campbell simply provided no support for his claim that he did not understand what he was doing due to being under heavy medication for COVID-19. Campbell provided no supporting medical

documentation, or other corroborating evidence, despite testifying at two PCRA evidentiary hearings. Both the trial court and plea counsel stated that they did not observe Campbell to be ill in any manner or that his mental capacity was affected in any manner. **See** N.T., 3/22/22, at 32-33; **see also** Trial Court Opinion, 10/21/2022, at 10. Further, both the trial court and plea counsel noted that Campbell never communicated that he was sick or on medication. **See** N.T., 3/22/22, at 32-33; **see also** Trial Court Opinion, 10/21/2022, at 10. The trial court credited plea counsel's testimony, while finding Campbell's testimony was not credible. **See** Trial Court Opinion, 10/21/2022, at 10. As such, we find Campbell's challenges to the validity of his guilty plea without merit.

To the extent Campbell argues plea counsel was ineffective for failing to explain the consequences of entering a plea, we find such a claim equally without merit.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's

advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (internal quotation marks and citations omitted).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Kimball***, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See id***. at 1163.

As we have already found Campbell's plea was entered knowingly, intelligently, and voluntarily, his claims of ineffectiveness of plea counsel are without merit. Again, Campbell affirmed his knowledge of the rights he was giving up during his colloquies. Further, Campbell had sufficient opportunity to ask questions of plea counsel regarding the plea. As such, Campbell cannot show his claim is of arguable merit.

For the reasons set forth above, we conclude Campbell is entitled to no relief. The record supports the PCRA court's determinations, and we agree with counsel that Campbell's claims lack merit. Moreover, having conducted an independent review of the record in light of the petition to withdraw, we agree that the PCRA petition is meritless.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Campbell's PCRA petition without a hearing and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/14/2023